**Alfred Parker, Appellee, v. Chicago Railways Company and Chicago City Railway Company (Impleaded with Rittenhouse & Embree Company), Appellants.**

**Gen. No. 21,380.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. DANIEL W. MADDOX, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed June 19, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action on the case by Alfred Parker, plaintiff, against Chicago Railways Company and Chicago City Railway Company, impleaded with Rittenhouse & Embree Company, defendants, to recover for personal injuries. A judgment was entered for $3,000 in favor of plaintiff against Chicago Railways Company and Chicago City Railway Company. The jury returned a verdict of not guilty as to the defendant Rittenhouse & Embree Company.

The defendants contended that the argument of counsel for plaintiff to the jury was improper. In his opening argument to the jury counsel for plaintiff said:

"Of course, I cannot prove, and there is no evidence in here, of what he lost in his business, and I cannot give you that, for it would be improper.

"Mr. Rosenthal: I object.

"The Court: Objection sustained; if it is not here don't argue about it.

"Mr. Ranes: It is not here and I am not arguing about it.

"The Court: Then don't argue, don't mention it."

And continuing, counsel argued that the jury had a right to assume that since the plaintiff was still suffering, more than two years after the accident, he would continue to suffer, and that while plaintiff testi-

fied that he hoped and believed he would ultimately recover, such statement by plaintiff was not final or conclusive, but that the jury had a right to take the evidence in the case into consideration in determining the question whether the plaintiff would ultimately recover, such statement by plaintiff was not final or will recover.'' The court overruled an objection to this argument and said: ''Counsel has a right to draw reasonable conclusions from the evidence; but the jury know what the evidence is.''

In his closing argument counsel for plaintiff said:

''Now there is some excuse for the man they ran into on the lumber wagon not being here, and we are not surprised after hearing this evidence to know that he is where he is.

''Mr. Rosenthal: Just a moment—

''Mr. Ranes: You are not surprised at that information—

''Mr. Rosenthal: Just a moment—

''Mr. Ranes: The force of that collision under the evidence here would explain very likely why he is where he is.

''Mr. Rosenthal: That statement—it can mean but one thing—that the man died as a result of the injury, and I object to it.

''Mr. Ranes: I didn't say anything of the kind.

''The Court: Wait until the objection gets into the record.

''Mr. Rosenthal: That statement and the inference resulting therefrom not being based on the evidence in this case, I respectfully object to.

''The Court: Objection sustained, and the jury will disregard it.''

PHILIP ROSENTHAL and FRANK L. KRIETE, for appellants; J. R. GUILLIAMS and W. W. GURLEY, of counsel.

A. H. RANES and HIRAM BLAISDELL, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Parker v. Chicago Railways Co. et al., 200 Ill. App. 9.

## Abstract of the Decision.

1. CARRIERS, § 476*—*when evidence sufficient to support verdict in action for injury to passenger on street car.* In an action by a passenger against a street railroad company to recover for personal injuries alleged to have been caused by being thrown against parts of the car on which he was riding by its collision with a wagon at a street crossing, evidence examined and *held* sufficient to support the verdict.

2. DAMAGES, § 110*—*when damages in action for injury to passenger not excessive.* In an action by a passenger against a street railroad company to recover for injuries caused by the collision of the car with a wagon, where the evidence shows that at the time of the accident plaintiff was about sixty years old, was healthy and active, was, and had been for about forty years, a stair builder, maintaining a shop, and tends to show that he was unable to attend to his business as a result of his injuries and had to employ additional help, that following the accident he suffered great pain and continued to suffer more or less pain from the accident to the date of the trial, and is sufficient to warrant a finding that his injuries are permanent, a verdict of $3,000 is not excessive.

3. APPEAL AND ERROR, § 1514*—*when statement of belief by counsel harmless error.* An expression of belief by counsel, in the course of argument, which is based wholly on the evidence, if erroneous, is harmless.

4. APPEAL AND ERROR, § 1514*—*when statement by counsel in argument harmless error.* Where the only ill effect of an argument of counsel to which objection is made would be unduly to increase the amount of the verdict, and the Appellate Court has found that the verdict was not excessive, such argument is not ground for reversal.

5. TRIAL, § 123a*—*when argument of counsel improper.* Argument of counsel in an action for personal injuries, examined and *held* improper.

6. APPEAL AND ERROR, § 1514*—*when argument of counsel not ground for reversal.* Even though the argument of counsel was improper, where the court promptly sustained an objection thereto and directed the jury to disregard it, such argument is not ground for reversal.

7. INSTRUCTIONS, § 88*—*when instruction as to preponderance improper.* An instruction that the preponderance of the evidence is not to be determined alone by the number of witnesses testifying, that in determining the question, the jury may take into considera-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tion the number of witnesses, their conduct and demeanor while testifying, their apparent intelligence or lack of intelligence, their interest or lack of interest in the result of the suit, if any, their opportunities for knowing the matters about which they testify, and from all these circumstances determine on which side the preponderance of the evidence lies, is objectionable in that it limits the jury, in determining the question of preponderance, to a consideration of the elements enumerated.

8. INSTRUCTIONS, § 88*—*what may be considered by jury in determining question of preponderance of evidence.* In determining the question of the preponderance of the evidence, the jury should be left free to consider all the evidence and all the facts and circumstances in evidence, determining where the preponderance or greater weight of the evidence lies.

9. INSTRUCTIONS, § 89*—*when instruction as to preponderance of evidence objectionable.* An instruction which, after enumerating certain things that the jury should take into consideration in determining upon which side the preponderance or greater weight of the evidence lies, tells the jury that they should consider these in view of all the other evidence, facts and circumstances proven on the trial, is objectionable in that it omits the element of the number of witnesses.

10. INSTRUCTIONS, § 88*—*when instructions as to preponderance not misleading.* Instructions as to preponderance of the evidence, examined and *held* not misleading, though not strictly accurate.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.